**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
RICHARD W. NAGEL
CLERK OF COURT

OCT -2 2025 12:50 P

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-COLUMBUS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 2:25-CR-164 |
| v. | JUDGE Sargus |
| **JESSE WASSON (1)** | **INDICTMENT** |
| aka Jessica Wasson | |
| aka Jess Wasson | 21 U.S.C. § 841(a)(1) |
| aka Jessica Ewing | 21 U.S.C. § 841(b)(1)(A)(viii) |
| | 21 U.S.C. § 841(b)(1)(B)(viii) |
| **AMANDRA HEFFELFINGER (2)** | 21 U.S.C. § 841(b)(1)(D) |
| aka Amandra Borman | 21 U.S.C. § 841(b)(1)(E) |
| aka Amandra Sansone | 21 U.S.C. § 841(b)(2) |
| aka Mandy Heffelfinger | 21 U.S.C. § 846 |
| | 18 U.S.C § 2 |
| **JENNIFER BLAKE (3)** | **FORFEITURE ALLEGATION** |

**THE GRAND JURY CHARGES:**

**COUNT 1**
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

1. Beginning in or around January 2024, the exact date being unknown, and continuing up to and including the date of this Indictment, within the Southern District of Ohio, and elsewhere, the Defendants, **JESSE WASSON, aka JESSICA WASSON, aka JESS WASSON, aka JESSICA EWING** (hereinafter **"JESSE WASSON"**), **AMANDRA HEFFELFINGER, aka AMANDRA BORMAN, aka AMANDRA SANSONE, aka MANDY HEFFELFINGER** (hereinafter **"AMANDRA HEFFELFINGER"**), and **JENNIFER BLAKE** (hereinafter **"JENNIFER BLAKE"**), did knowingly and intentionally conspire and agree with each other and with persons known and unknown to the grand jury to distribute and possess with intent to distribute various controlled substances, including:

1

a. 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii);

b. Less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D);

c. A mixture or substance containing a detectable amount of lysergic acid diethylamide ("LSD"), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

d. A mixture or substance containing a detectable amount of dimethyltryptamine ("DMT"), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

e. A mixture or substance containing a detectable amount of mescalin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

f. A mixture or substance containing a detectable amount of 3,4-methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

g. A mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

h. A mixture or substance containing a detectable amount of ketamine, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E);

i. A mixture or substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(2);

j. A mixture or substance containing a detectable amount of clonazepam, a Schedule IV controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(2); and

k. A mixture or substance containing a detectable amount of diazepam, a Schedule IV controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(2).

**In violation of 21 U.S.C § 846.**

## COUNT 2
### (Distribution of Methamphetamine)

2. On or about March 12, 2025, in the Southern District of Ohio, and elsewhere, the Defendants, **JESSE WASSON, AMANDRA HEFFELFINGER**, and **JENNIFER BLAKE**, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 18 U.S.C § 2.**

## COUNT 3
### (Distribution of Cocaine and Alprazolam)

3. On or about April 22, 2025, in the Southern District of Ohio, and elsewhere, the Defendants, **JESSE WASSON, AMANDRA HEFFELFINGER**, and **JENNIFER BLAKE**, did knowingly and intentionally distribute a mixture or substance containing a detectible amount of cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectible amount of alprazolam, a Schedule IV controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(2), and 18 U.S.C § 2.**

## COUNT 4
### (Distribution of Methamphetamine)

4. On or about June 16, 2025, in the Southern District of Ohio, and elsewhere, the Defendants, **JESSE WASSON, AMANDRA HEFFELFINGER**, and **JENNIFER BLAKE**, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 18 U.S.C § 2.**

## COUNT 5
### (Distribution of Methamphetamine)

5.   On or about August 18, 2025, in the Southern District of Ohio, and elsewhere, the Defendants, **JESSE WASSON, AMANDRA HEFFELFINGER,** and **JENNIFER BLAKE**, did knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and 18 U.S.C § 2.**

## FORFEITURE ALLEGATION

6.   Upon conviction of any offense set forth in Counts 1 through 5 of this Indictment, the Defendants, **JESSE WASSON, AMANDRA HEFFELFINGER,** and **JENNIFER BLAKE**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to a sum of money in the form of a money judgment, which represents the amount of proceeds the Defendants obtained as a result of the offense(s).

## SUBSTITUTE ASSETS

7.   If any of the property described above, as a result of any act or omission of the Defendants:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the court;

      d.   has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendants, up to the value of the property described above.

**Forfeiture pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

**A TRUE BILL.**

s/ *Foreperson*
**FOREPERSON**

**DOMINICK S. GERACE II**
**United States Attorney**

**FREDERIC SHADLEY**
**S. COURTER SHIMEALL**
**Assistant United States Attorneys**

5